IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00295-01-CR-W-GAF |
| | ) | |
| JAMES HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On March 25, 2019, defendant Hawkins filed a *pro se*[1] document entitled "Bill of Complaint in Equity Presentment to Void Proceedings and Jurisdiction." (Doc. #21.) In this document, defendant refers to himself as "a natural living **being of majority status** conducting the style condition of **The Principal and Beneficial Equitable Title Holder, and not an infant/minor**." (Doc. #21 at 1; emphasis in original.) Defendant states that while "[he] share[s] the same or similar name as the named defendant in their case #18-00295-01-CR-W-GAF, … [he is] not now acting in the capacity as the named defendant." (*Id.* at 6.) Instead, he is "the beneficiary and equitable title holder." (*Id.*) The 39-page document references trusts, minors, and "exclusive equity jurisdiction." The theory relied upon by defendant is difficult to ascertain, but defendant appears to contend that the Court only has jurisdiction over the estates of minors. In conclusion, defendant states:

> Should the court in its infinite wisdom through its administrative officer make the executive decision not to respond and or place evidence on the record of either infancy and/or attaining majority, it will be **deemed acquiescence** supported by the proof contained herein of the party of interest having attained the age of majority at

---

[1] Defendant Hawkins elected to proceed *pro se* on December 27, 2018.

their 18th birthday stripping the court of any presumed and/or assumed jurisdiction, making the court liable through waiver of immunity via such acquiescence. When dealing with a person attaining the age of majority facts and conclusions **have to be supported by equitable law** and not administrative law, as administrative law may not be applied to one having attained majority without their consent, as involuntary servitude is against equity and the presenter WAlVES NO RIGHTS under any circumstances, at any time, at any moment, without exception.

(*Id.* at 38; emphasis in original.)

The Court finds that defendant's jurisdictional argument is frivolous and lacks any merit. Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. *See* 18 U.S.C. § 3231. Defendant Hawkins has been charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, all laws of the United States. Thus, this Court has jurisdiction over defendant Hawkins's case. *See United States v. Trotter*, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss [for lack of jurisdiction] was properly denied."); *United States v. Spurgeon*, 671 F.2d 1198, 1199 (8th Cir. 1982)("although it is true federal courts are courts of limited jurisdiction, 18 U.S.C. § 3231 provides that district courts 'have original jurisdiction … of all offenses against the laws of the United States'"). Defendant Hawkins's request that the Court void these proceedings for lack of jurisdiction must be denied.

Given the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Hawkins's Bill of Complaint in Equity Presentment to Void Proceedings and Jurisdiction (Doc. #21).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge