IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00295-01-CR-RK |
| | ) | 19-00205-01-CR-RK |
| JAMES HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are the following three *pro se* filings made by Defendant: Notice of Appeal (Doc. 91; 49), Petition for Interlocutory Appeal (Doc. 92; 50), and Motion for Recusal (Doc. 93; 51).[1] Also pending is the Report and Recommendation on Defendant's Motion to Dismiss for Lack of Venue. (Docs. 39; 81.) The Report and Recommendation and the Defendant's three pro se filings were taken up during trial proceedings and the Court's rulings are now memorialized here. The Court **ADOPTS** the Report and Recommendation, **DENIES** Defendant's Motion to Dismiss for Lack of Venue, Defendant's Petition for Interlocutory Appeal and Motion for Recusal, and Directs the Clerk of the Court to transmit Defendant's Notice of Appeal to the Eighth Circuit.

## Background

Defendant's filings are somewhat unclear. In his Notice of Appeal and Petition for Interlocutory Appeal, Defendant states he seeks to appeal "the Order of the District Court for the Western District of Missouri entered on January 2, 2020." He then references, in his Petition for Interlocutory Appeal, his Motion for Order to Compel Witnesses and the Report and Recommendation on his Motion to Dismiss for Lack of Venue. During the January 2, 2020 pretrial conference, the Court denied Defendant's Motion for Order to Compel Witnesses (Dkt. Entry 90; 48). The Court also extended the deadline for Defendant to file objections to the Report and

---

[1] Defendant's filings were hand-delivered to the Clerk's Office on Friday, January 3, 2020, but because they were delivered late in the day, the filings were not docketed on CM/ECF until this morning (January 6, 2020), the morning of Defendant's trial. In its citations to the record in this Order, the Court lists the first document number in reference to Case No. 18-00295-01-CR-RK and the second document number in reference to Case No. 19-00205-01-CR-RK.

Recommendation on Defendant's Motion to Dismiss for Lack of Venue. (*Id.*)[2] The Court advised that a ruling would be made on Monday, January 6, 2020. During the January 6, 2020 trial proceedings, the Court indicated it was construing Defendant's three January 3, 2020 filings as his objections to the Report and Recommendation; as an attempt to appeal the Court's denial of Defendant's Motion to Compel Witnesses; and a request for the recusal of the undersigned.

## Discussion

I. **Defendant's Motion to Dismiss for Lack of Venue**

Pending before the Court is Defendant's Motion to Dismiss for Lack of Venue. Defendant requests that the Court dismiss the charges in Case Nos. 18-00295 and 19-00205. On December 18, 2019, United States Magistrate Judge Lajuana M. Counts issued the Report and Recommendation. As mentioned above, the Court construes Defendant's January 3, 2020 filings, in part, as his objections to the Report and Recommendation.

Pursuant to Federal Rule of Criminal Procedure 59(b)(3), "[a] district judge must consider de novo any objection to a magistrate judge's recommendation." After an independent, de novo review of Defendant's motions, Judge Count's Report and Recommendation (Docs. 39; 81), the Defendant's objections, and the applicable law, the Court adopts the Report and Recommendation of Judge Counts in its entirety. Defendant's Motion to Dismiss for Lack of Venue is therefore **DENIED**.

II. **Defendant's Petition for Interlocutory Appeal**

Defendant asks this Court to grant leave for an interlocutory appeal of the Court's adoption of the Report and Recommendation on his Motion to Dismiss for Lack of Venue and the Court's denial of his Motion for Order to Compel Witnesses. As noted above, at the time Defendant filed his Petition for Interlocutory Appeal, the Court had not yet ruled on the Report and Recommendation on Defendant's Motion to Dismiss for Lack for Venue. However today, during trial proceedings, as memorialized above in Section I, the Court does adopt the Report and Recommendation and denies Defendant's Motion to Dismiss for Lack of Venue.

The Court's two decisions sought to be immediately appealed lack the finality requirement in that the order did not terminate the criminal proceedings in this Court. If the orders may be

---

[2] The original deadline to file objections to the Report and Recommendation was January 2, 2020. A pretrial conference was held on that same day, during which the Court extended the deadline for filing objections to close of business on Friday, January 3, 2020.

appealed before trial, they must satisfy the criteria for the collateral order exception, which they do not.  The orders do not satisfy the criteria of the collateral order exception because they are effectively reviewable on appeal from final judgment.  In addition, Defendant's Motion to Compel Witnesses is inseparable from the issue of guilt or innocence.  Defendant's Petition for Interlocutory Appeal is **DENIED**.

### III. Defendant's Motion for Recusal

Defendant requests the Court to recuse itself because Defendant believes it has "showed partiality to the Plaintiff while denying Defendant constitutionally protected rights."  Having considered the motion, Defendant's Motion for Recusal of the undersigned is **DENIED** as being without merit.

### Conclusion

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion to Dismiss for Lack of Venue (Docs. 36; 78) is **DENIED**;

(2) Magistrate Judge Lajuana M. Count's Report and Recommendation (Docs. 39; 81) is **ADOPTED** and shall be attached to and made a part of this Order;

(3) Defendant's Petition for Interlocutory Appeal is **DENIED** (Doc. 92; 50);

(4) Defendant's Motion for Recusal is **DENIED** (Doc. 93; 51); and

(5) The Clerk of the Court is directed to transmit Defendant's Notice of Appeal (Doc. 91; 49) to the Clerk's Office for the United States Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED:  January 6, 2020